IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                                          Cr. No. H-24-0609

GUILLERMO IVAN RAMIREZ SAUCEDO

### DEFENDANT'S RESPONSE TO
### GOVERNMENT'S SECOND MOTION IN LIMINE

Defendant, Guillermo Ivan Ramirez Saucedo, submits this response to Government Motion in Limine. Doc 24. Mr. Ramirez Saucedo is charged in a one-count indictment with illegal re-entry in violation of 8 U.S.C. § 1326 (a) and (b). The pretrial conference is set for September 3, 2025; and trial is set for September 9, 2025.

On June 18, 2025, Mr. Ramirez Saucedo was scheduled for a re-arraignment hearing before the Court. At the hearing, Mr. Ramirez Sauced explained that he returned to the United States against his will. He elaborated that he was kidnapped at the border and forced into the United States. The Court decided that it could not take Mr. Ramirez Saucedo's guilty plea and set the matter for trial.

The requests made by the government in their second motion in limine, are vague, premature, and designed to impede Mr. Ramirez Saucedo from effectively presenting a defense to the charge indicted.

**Government requests 1, 4, 5, 6, 7, 8, 9:** The government has failed to articulate specifically what evidence should be excluded from trial. Instead, the government asks

this Court to prohibit seven categories of evidence. The defense cannot respond to the government's vague, sweeping requests for exclusion, and the Court cannot adequately consider the government's requests due to its premature nature.

To the extent that the government seeks to limit the defense's ability to adequately defend the case, including the proposed duress defense this Court has not yet ruled on, the defense objects.

Mr. Ramirez Sauced asks the Court to reserve ruling on requests numbers 1, 4, 5, and 7 for when evidence and witnesses are actually known to the parties. The evidence and testimony requested to be limited or prohibited may prove to be relevant evidence under Rule 401 of the Federal Rules of Evidence. The nature of the offense charged, and the theory of defense anticipated would require testimony regarding the financial, emotional, or health status of the defendant's family (Request No. 4), immigration consequences (Request No. 5), information concerning asylum or other similar immigration claims (Request No. 7), and potentially, the personal circumstances of Mr. Ramirez Saucedo, that the government believes will elicit sympathy from the jury (Request No. 8).

Regarding request no. 9, Mr. Ramirez Saucedo does not intend, at this time, to present character evidence under Rule 404(a)(1), and he reserves the right to file a motion in limine requesting the government to comply with Rule 404(b)(1).

**Government requests 2, 3, 10:** To the extent that the government requests the defense to refrain from engaging in unethical conduct, the defense concurs and emphasizes that it is committed to upholding ethical standards in trial.

    Respectfully submitted,

    PHILIP G. GALLAGHER
    Federal Public Defender
    Southern District of Texas No. 566458
    New Jersey State Bar No. 2320341

    By /s/ Tatiana Obando
    TATIANA OBANDO
    Assistant Federal Public Defender
    Attorney-in-Charge
    New York State Bar ID No. 5068671
    Southern District of Texas No. 3326657
    Attorneys for Defendant
    440 Louisiana, Suite 1350
    Houston, Texas   77002-1056
        Telephone:  713.718.4600
        Fax:             713.718.4610

## **CERTIFICATE OF SERVICE**

I certify that on August 14, 2025, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Attorneys Carrie Wirsing and Carrie Law.

By /s/ Tatiana Obando
TATIANA OBANDO
