UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § Case No. 4:24-CR-609 |
| | § |
| GUILLERMO IVAN RAMIREZ-SAUCEDO, | § |
|     Defendant. | § |

## GOVERNMENT'S MEMORANDUM OF LAW ON EXCLUDING DURESS DEFENSE TESTIMONY

The United States of America respectfully submits this Memorandum of Law to supplement its arguments that this Court should grant the Government's Motion in Limine for the Affirmative Defense of Duress and preclude Ramirez-Saucedo from presenting a duress defense. *See* DE[1]-23. Ramirez-Saucedo is not entitled to raise a duress defense before a jury because he has failed to make a sufficient showing that he is entitled to that defense as a matter of law. Therefore, this Court should grant the Government's motion in limine and exclude testimony of any alleged duress.

A. Procedural background.

On November 8, 2024, a criminal complaint was filed charging Ramirez-Saucedo with illegal re-entry as a felon, in violation of 8 U.S.C. § 1326(a) and (b). DE-1. The affidavit in support of that complaint stated that Ramirez-Saucedo is a citizen and national of Mexico that has previously been deported or removed in 2008, 2011, 2014, 2019, 2020, and 2023. DE-1, p. 2. The affidavit also states that Ramirez-Saucedo was found in Houston, Texas, on February 12, 2024, without any lawful

---

[1] "DE" refers to the district clerk's docket entries in Case No. 4:24-CR-609.

permission to re-enter the United States. DE-1, pp. 2-3.[2] The affidavit details Ramirez-Saucedo's numerous prior convictions, including four convictions for illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b).[3]

On December 4, 2024, a grand jury returned an indictment charging Ramirez-Saucedo with a violation of 8 U.S.C. § 1326(a) and (b). DE-11. A rearraignment hearing was help on June 6, 2018, but Ramirez-Saucedo elected to proceed to trial. The Government filed a motion in limine to preclude Ramirez-Saucedo from presenting a duress defense, and he responded to that motion. DE-23; DE-31. Ramirez-Saucedo filed a notice of intent to present the testimony of Professor Jeremy Slack, the Government filed an objection to that testimony, and Ramirez-Saucedo responded. DE-34; DE-37; DE-40.

On September 2, 2025, a telephonic hearing was held to address those issues. Minute entry dated September 2, 2025. A transcript of that hearing is not currently available, any representations about that hearing in this memorandum are the best recollection of the undersigned Assistant United States Attorney. On September 8,

---

[2] Ramirez-Saucedo was arrested on February 11, 2024, at 9:50 p.m. and charged with driving while intoxicated (with two prior convictions). Attachment A, p. 1. His arrest occurred shortly after the end of Super Bowl LVIII. *See* Attachment A, p. 1; https://www.google.com/search?q=what+time+did+super+bow+LVIII+end. Ramirez-Saucedo pleaded guilty to driving while intoxicated as a second offender, a reduced offense, on November 5, 2024. Attachment A, p. 3.

[3] In 2010, sentenced to 14 months and 3 years of supervised release, with a revocation in 2012 (SDTX Case No. 4:10-CR-213). In 2012, sentenced to 21 months (SDTX Case No. 7:12-CR-1341). In 2018, sentenced to 24 months (SDTX Case No. 2:17-CR-785). In 2022, sentenced to 18 months and 3 years of supervised release (SDMS Case No. 1:21-CR-149). He was on supervised release when he was arrested February 11, 2024.

2025, this Court issued an order denying the Government's motion to exclude the testimony of Professor Slack. DE-51.

B. Argument.

This Court should preclude Ramirez-Saucedo from presenting a duress defense to the jury unless he makes a sufficient showing that he is entitled to that defense as a matter of law. Thus far, he has failed to do so; his pleadings have not satisfied the legal requirements, and he failed to provide any testimony to support that defense at the telephonic hearing on September 2, 2025.

1. This Court should grant the motion in limine and exclude testimony of duress in accordance with *United States v. Bailey*, 444 U.S. 394 (1980), to ensure the jury is not confused by irrelevant and prejudicial evidence.

A district court properly grants a motion in limine to exclude duress defense testimony when the defendant fails to present sufficient evidence to prove all the elements of that defense before trial. *United States v. Ramirez-Chavez*, 596 F. App'x 290, 291-293 (5th Cir. 2015) ("[W]e affirm the decision granting the motion in limine … Ramirez did not present sufficient evidence to prove the first three elements of the duress defense."); *United States v. Medrano-Ramos*, 2025 WL 1834134, at *1 - *2 (5th Cir. 2025) ("Medrano's failure to establish the third element of duress is dispositive to her claim … the court did not err by denying her the opportunity to present the defense to the jury."). "[I]n order to present a duress defense to the jury, the defendant 'must present evidence of each of the elements of the defense' and must do so by a preponderance of the evidence." *Ramirez-Chavez*, 596 F. App'x at 292 (quoting *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998)). The Supreme Court has

3

held that when "an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense." *United States v. Bailey*, 444 U.S. 394, 416 (1980) (supporting the exclusion of duress defense testimony); *see United States v. Portillo-Vega*, 478 F.3d 1194, 1197-1198 (10th Cir. 2007) (affirming the granting of a motion in limine precluding a duress defense).

In *Ramirez-Chavez*, the district court noted "that the overwhelming majority of federal courts of appeals have permitted pretrial review of a defendant's evidence relating to a defense of duress." 596 F. App'x at 292; *United States v. Ramirez-Chavez*, 2013 WL 3581959, at *2 - *3 (W.D. Tex. July 2, 2013) (citing *United States v. Vasquez-Landaver*, 527 F.3d 798, 806 (9th Cir. 2008) (affirming pretrial exclusion of duress defense); *Portillo-Vega*, 478 F.3d at 1201 (same); *United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005) (same); *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (same); *United States v. Miller*, 59 F.3d 417, 422 (3d Cir. 1995) (same); *United States v. Sarno*, 24 F.3d 618, 621-622 (4th Cir. 1994) (same); *United States v. Villegas*, 899 F.2d at 1343-1344 (2d Cir. 1990) (same); *United States v. Polanco–Gomez*, 841 F.2d 235, 238 (8th Cir. 1988) (same)). When the defendant fails to provide sufficient evidence, as a matter of law, of a duress defense "no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial[.]" *Ramirez-Chavez*, 2013 WL 3581959, at *2 (cleaned up) (citing *Villegas*, 899 F.2d at

4

1343). "Pretrial review of the duress defense will ensure the jury is not confused by irrelevant and prejudicial evidence." *Id.*

In *United States v. Reyes-Montano*, 2020 WL 733041 at *1, *5 - *6 (D.N.M. February 13, 2020), the court granted the Government's motion in limine to exclude the duress defense in a § 1325 prosecution. The court held that the defendant failed to proffer testimony that, if a jury found it to be true, would support each element of a duress defense. *Id.* at *5; *see also United States v. Mencia-Hernandez*, 2025 WL 2355624, at *6 (N.D.N.Y. July 10, 2025) ("If the Court finds that the facts supporting the duress defense would be insufficient as a matter of law, the Court will preclude evidence relating to the defense from trial."); *United States v. Diaz-Ramos*, 2022 WL 3449473, at *1 - *3 (E.D. Ky. August 17, 2022) (granting a motion in limine and precluding a duress defense in a § 1326 case). The court in *Reyes-Montano* excluded the duress defense despite a report from Professor Slack regarding the violence of cartels in Mexico meant to support that defense. 2020 WL 733041 at *2, *7.

2. <u>The required elements of a duress defense relevant to the continuing crime of illegal reentry in violation of 8 U.S.C. § 1326.</u>

A duress defense requires that the defendant prove four elements by a preponderance of the evidence: 1) He faced an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; 2) He had not recklessly or negligently placed himself in a situation where he would likely be forced to choose the criminal conduct; 3) He had no reasonable legal alternative to violating the law; and 4) He could reasonably anticipate a direct causal relationship between the criminal action taken and the

5

avoidance of the threatened harm. *United States v. Estrada-Monzon*, 700 F. App'x 323, 326-327 (5th Cir. 2017) (citing *Posada-Rios*, 158 F.3d at 873; *United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994)); *Medrano-Ramos*, 2025 WL 1834134, at *1; Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38 (2024).

Additionally, for continuing crimes, like 8 U.S.C. § 1326, "there is a fifth element…that the defendant immediately cease[d] his commission of the offense when the duress or necessity subside[d]." Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38 Note; *Estrada-Monzon*, 700 F. App'x at 327 ("[I]llegal reentry is a continuing offense that 'begins at the time the defendant illegally reenters the country and does not case until the defendant is 'found' by immigration authorities in the United States.'" (quoting *United States v. Ramirez-Salazar*, 819 F.3d 256, 257 (5th Cir. 2016)); *Mencia-Hernandez*, 2025 WL 2355624, at *5 ("[E]stablishing the duress defense is particularly burdensome in relation to continuing offenses such as illegal re-entry…. [A] defendant bears the burden of demonstrating that he made a 'bona fide effort to surrender … as soon as the claimed duress or necessity had lost its coercive force.'" (quoting *Bailey*, 444 U.S. at 413-414)).

For the first element, the defendant is "required to show a 'present, imminent, or impending' threat arising from 'a real emergency leaving no time to pursue any legal alternative' or an 'absolute and uncontrollable necessity' at the time that he committed the offense." *Ramirez-Chavez*, 596 F. App'x at 293 (quoting *Posada-Rios*, 158 F.3d at 873-874). "The defendant must be in serious danger 'at the moment' he commits the offense; fear of future harm is insufficient." *United States v. Mora-*

*Carrillo*, 80 F.4th 712, 716 (5th Cir. 2023) (no imminent threat because the defendant escaped his kidnappers four days earlier) (citing *United States v. Harper*, 802 F.2d 115, 118 (5th Cir. 1986)); *Ramirez-Chavez*, 596 F. App'x at 293 (no imminent threat because the defendant escaped his captors for "several minutes" before crossing the border). Generalized fears are insufficient, a defendant must show a real, specific, and immediate threat. *United States v. Berdy*, 2021 WL 5458129, at *1 (5th Cir. 2021); *United States v. Bonilla-Siciliano*, 643 F.3d 589, 591 (8th Cir. 2011).

Because § 1326 is a continuing offense, the defendant must show an emergency compelled him to commit the offense from when he illegally reentered the United States until he was found in the United States by immigration authorities. *See Estrada-Monzon*, 700 F. App'x at 327; *United States v. Arias-Quijada*, 926 F.3d 1257, 1260 (10th Cir. 2019) ("If the alleged duress loses its 'coercive force' at any time before the defendant surrenders or is apprehended, he is not entitled to present the duress defense to the jury."); *see United States v. Portillo-Madrid*, 292 F. App'x 746, 749-751 (10th Cir. 2008) (excluding duress evidence in a § 1326 case when the defendant did not contact law enforcement while illegally in the United States for years).

As to the second element, a defendant who becomes involved with smugglers to commit the crime of illegal reentry places themselves in a situation to be kidnapped or exposed to other threats of harm. *Ramirez-Chavez*, 596 F. App'x at 293. Such a defendant cannot show that he did not recklessly or negligently place himself in a dangerous situation where he would likely be forced to resort to criminal conduct. *Id.*

7

The third element requires the defendant "show 'that he had actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefit of the alternative,' in order to establish the absence of a legal alternative." *United States v. DeLeon*, 565 F. App'x 297, 302 (5th Cir. 2014) (quoting *Posada-Rios*, 158 F.3d at 874). A court must objectively evaluate the facts to determine whether reasonable alternatives were available, a defendant's subjective beliefs are not determinative. *Posada-Rios*, 158 F.3d at 874. The Fifth Circuit has consistently noted that "the opportunity to report threats or seek the aid of law enforcement constitutes a reasonable alternative to committing the crime." *Estrada-Monzon*, 700 F. App'x at 327 (collecting cases).

In *Estrada-Monzon*, the Fifth Circuit stated that, because § 1326 is a continuing offense, "the question is whether [the defendant] had any reasonable alternative to illegal reentry not only when he actually crossed the border but also once he was in the United States." *Id.* In that case, simply running from a Border Patrol agent for about twenty meters, rather than seeking assistance, was enough for the Court to find that Estrada-Monzon was not entitled to duress defense because he failed to show he had no reasonable legal alternative to violating the law for that brief period of time. *Id.* at 327-328 ("Estrada-Monzon may have been subjected to weeks of threats and may have crossed the border against his will; nonetheless, an opportunity to seek help arose when he encountered the agents – an opportunity that constituted a reasonable alternative to the continuing crime of illegal reentry.").

For continuing crimes, like illegal reentry, the fifth element requires "that the defendant immediately cease his commission of the offense when the duress or necessity subsides." Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38 Note (citing *Bailey*, 444 U.S. at 413-415). To be legally entitled to present a duress defense in a continuing offense, such as illegal re-entry, the defendant must demonstrate that he made a bona fide effort to surrender as soon as the alleged duress or necessity ended. *Arias-Quijada*, 926 F.3d at 1260 ("Because Arias-Quijada committed a continuing crime and did not surrender to law enforcement, he was required to proffer evidence that he had a well-grounded fear of an immediate threat of death or serious bodily injury during the entirety of the three years he remained in the United States illegally."); *Mencia-Hernandez*, 2025 WL 2355624, at *5 (citing *Bailey*, 444 U.S. at 413-414).

3. <u>Ramirez-Saucedo has failed to provide testimony supporting several elements of the duress defense.</u>

Ramirez-Saucedo has not provided testimony to this Court that is sufficient to support his proposed duress defense as a matter of law. He has proffered:

- When he was deported in March of 2023, he was kidnapped, beaten, held for ransom for "over a month" and then brought across the border into the United States against his will.

- A conclusory statement that he will "introduce evidence that return to his home in Mexico was not an option."

- The cartel's presence along the border is not an "isolated incident, but a feature of an organized, persistent, and ever-present scheme to capture human beings and cash them in for money."

- "[T]he defense anticipates testimony from several witnesses that will establish [his] return to and presence within the United States was the result of the violent criminals who captured him and held him hostage."

- "[T]he evidence will establish that release into Mexico – so as to authorize his return home – was not an option."

- "[T]he cartel's hostage-taking operation at the border was not a one-off occurrence, but a pervasive and persistent element of organized crime along the Mexican-American border … had he alerted the authorities of his circumstances, he would have been apprehended and deported in the same manner that led to his involuntary capture and forced return."

DE-31, pp. 1, 4-6; *see* DE-34, pp. 3. Because the proffered testimony to support a duress defense is legally insufficient even if believed, this Court should exclude the proposed testimony to avoid juror confusion resulting from irrelevant and prejudicial evidence. *See Bailey*, 444 U.S. at 416-417; *Ramirez-Chavez*, 596 F. App'x at 292.

As an initial matter, in Ramirez-Saucedo's response to the Government's motion in limine he misconstrued *Bailey* to assert that excluding duress defense evidence is disfavored. DE-31, p. 3 (citing *Bailey*, 444 U.S. at 412 n. 9.). That is false and clearly contrary to the Supreme Court's holding that, "[i]f … an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense." *Bailey*, 444 U.S. at 416. The Court made clear that excluding that evidence was preferable to "wasting valuable trial resources" and exposing the jury to unnecessary evidence when the defendant has no legal right to a duress defense. *Id.* at 417.

Ramirez-Saucedo's reliance on *United States v. Yater*, 756 F.2d 1058 (5th Cir. 1985), is also misplaced. *See* DE-31, pp. 2-3. *Yater* involved an entrapment defense,

10

not a duress defense; entrapment "focuses on the intent or predisposition of the defendant to commit the crime" not on the multiple elements a defendant must sufficiently prove for a duress defense to be legally available. *Compare Yater*, 756 F.2d at 1062 *with Ramirez-Chavez*, 596 F. App'x at 292-293. This Court should reject Ramirez-Saucedo's effort to encourage this Court to follow inapplicable caselaw and ignore Supreme Court and Fifth Circuit precedent holding that duress defense testimony should be excluded when the defendant has not established a legal right to that defense. *See Bailey*, 444 U.S. at 416; *Ramirez-Chavez*, 596 F. App'x at 292.

Critically, Ramirez-Saucedo's proffered testimony fails to present sufficient evidence to prove the first, second, third, and fifth elements of the duress defense for the continuing offense of illegal entry. As to the first element, he is required to show an imminent threat of death or serious bodily injury arising from an emergency, leaving no time to pursue any legal alternative, at the time that he committed the offense. *Ramirez-Chavez*, 596 F. App'x at 293 (quoting *Posada-Rios*, 158 F.3d at 873-874). Because illegal reentry is a continuing offense, Ramirez-Saucedo must show that such an emergency compelled him to commit the offense from when he illegally reentered the United States until he was found by immigration authorities. *See Estrada-Monzon*, 700 F. App'x at 327; *Arias-Quijada*, 926 F.3d at 1260; *Portillo-Madrid*, 292 F. App'x at 749-751. Even if Ramirez-Saucedo's proffered testimony that he was kidnapped beaten, held for ransom, and forced to illegally reenter the United States against his will around April of 2023 is to be believed, it is still insufficient.[4]

---

[4] In considering the validity of his proffer, it is worth reiterating that Ramirez-

11

Ramirez-Saucedo fails to present any evidence that he was continually under imminent threat of death or serious bodily injury from when he was allegedly forced to illegally reenter the United States around April of 2023 until he was arrested for driving while intoxicated, over 9 months later, on February 11, 2024.

Ramirez-Saucedo offers only vague conclusory statements about the dangers of returning to Mexico and his subjective fears of lawful removal to Mexico. However, his fear of future harm does not satisfy the present, imminent, and impending threat requirement. *Mora-Carrillo*, 80 F.4th at 716; *Ramirez-Chavez*, 596 F. App'x at 293. And his apprehension of *lawful* detention, deportation, or removal is not an *unlawful*, present, imminent, and impending threat of death serious bodily injury. *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38; *Estrada-Monzon*, 700 F. App'x at 328 ("Although Estrada-Monzon may have been afraid of being found and detained, duress is a defense only if the defendant's only options were to commit the crime or risk serious injury or death.") (citing *United States v. Dixon*, 413 F.3d 520, 523 (5th Cir. 2005)).

Additionally, Ramirez-Saucedo's general fears of cartel violence in Mexico are insufficient because he must show a real, specific, and immediate threat existed for the duration of his continuing offense. *See Berdy*, 2021 WL 5458129, at *1; *Bonilla-Siciliano*, 643 F.3d at 591; *Reyes-Montano*, 2020 WL 733041 at *5 ("Courts universally agree that evidence of a mere generalized fear does not satisfy the

---

Saucedo was removed or deported in 2008, 2011, 2014, 2019, 2020, and 2023, he repeatedly illegally reentered the United States, and he has four felony convictions for illegal reentry. DE-1, pp. 2-4.

requirement of a well-founded fear of imminent death or serious bodily harm; rather, there must have been a threat that was specific and prospects of harm that were immediate." (cleaned up) (citations omitted)); *United States v. Brizuela*, 2014 WL 2257405, at *2 - *3 (S.D. Tex. May 29, 2014) (general fear of gangs and crime in El Salvador and the other Central American countries is insufficient to meet the imminent harm element of duress); *United States v. Godinez-Oseguera*, 2012 WL 751011, at *3 (W.D. Wash. Mar. 8, 2012) (rejecting a duress defense in a § 1326 case because though "drug cartels and gang violence are pervasive in Mexico ... Defendant's fear of [the drug cartel] is based ultimately on a speculative threat that does not appear specifically directed at Defendant"). In *Arias-Quijada,* 926 F.3d at 1260, the Court rejected a similar argument, namely that the defendant claimed that "the alleged duress that initially prompted him to reenter the United States did not abate during the entirety of his undetected [three-year] presence in the [United States] because he believed he would be immediately returned to El Salvador if he surrendered." The Court called that argument a "novel explanation" of why the duress continued for three years but sated that it was "unconvincing." *Arias-Quijada,* 926 F.3d at 1260.

Courts have also found that illegal reentry defendants asserting a duress defense were no longer under an imminent threat of death or serious bodily injury when they have escaped their captors, even for the brief time required to run twenty meters away from a Border Patrol agent. *See Estrada-Monzon*, 700 F. App'x at 327-328; *Mora-Carrillo*, 80 F.4th at 716 (no imminent threat because the defendant

escaped his kidnappers four days earlier); *Ramirez-Chavez*, 596 F. App'x at 291, 293 (no imminent threat because the defendant escaped his kidnappers for "several minutes" before crossing the border). If those short periods of time are enough to eliminate the required imminent threat of death or serious bodily injury, then Ramirez-Saucedo's roughly nine months in the United States are far more than enough for any imminent threat or real emergency to have dissipated. He makes no claim or proffer, and has presented no testimony, to sufficiently support that he faced an imminent threat of death or serious bodily injury for the roughly nine months he was illegally present within the United States.

As to the second element, Ramirez-Saucedo must show that he did not recklessly or negligently place himself in a situation where he would likely be forced to choose the criminal conduct. Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38; *Estrada-Monzon*, 700 F. App'x at 326-327. Ramirez-Saucedo makes a bare-bones claim that "[a]fter the United States dropped [him] off at the Mexican border in March 2023, he was kidnapped by armed criminals, beaten, and held for ransom for over a month" and then brought into the United States against his will. DE-31, pp. 1, 4. His proffer provides little to no detail and has not been subjected to cross-examination. Given his history of removals, deportations, repeated illegal entries, and illegal reentry convictions his claim should be viewed with skepticism. When a defendant becomes involved with smugglers to commit the crime of illegal reentry, they place themselves in a situation to be kidnapped or exposed to other threats of harm. *Ramirez-Chavez,* 596 F. App'x at 293. On this record, Ramirez-

14

Saucedo has not established that he did not recklessly or negligently place himself in the situation he describes by attempting to once again illegally reenter the United States with the assistance of smugglers.

Ramirez-Saucedo makes no effort to sufficiently address the third element, which requires that he show he had no reasonable legal alternative to violating the law. Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38; *Mora-Carrillo*, 80 F.4th at 715. Because § 1326 is a continuing offense, he must produce sufficient evidence that he had no reasonable legal alternative to illegal reentry not only when he crossed the border but also for the roughly nine months that he was in the United States illegally. *Estrada-Monzon*, 700 F. App'x at 327. Ramirez-Saucedo fails to address any possible legal alternatives or to satisfy the requirement to show that he had tried the alternatives, had no time to try them, or that a history of futile attempts revealed the illusionary benefit of those alternatives. *Id*.

He has failed to show that over the course of roughly nine months he lacked the opportunity to report any threats or seek the aid of law enforcement, which constitutes a reasonable alternative to committing the crime. *See Estrada-Monzon*, 700 F. App'x at 327 - 328 (collecting cases). It is simply not believable that over that course of roughly nine months that Ramirez-Saucedo could not seek the aid of law enforcement. Instead, he offers that he feared being "apprehended and deported in the same manner that led to his involuntary capture and forced return." DE-31, p. 6. However, his fear of *lawful* detention, deportation, or removal is not an unlawful, present, imminent, and impending threat of death serious bodily injury. *See* Fifth

Circuit Pattern Jury Instructions (Criminal Cases) § 1.38; *Estrada-Monzon*, 700 F. App'x at 328. And his speculative fear of future harm resulting from lawful deportation does not constitute a present, imminent, and impending threat or establish that he lacked a reasonable legal alternative to his illegal conduct.

Ramirez-Saucedo provides no evidence that he tried other legal alternatives, had no time to try them, or that his history of futile attempts proved them illusory. He makes no claim that he tried: to claim asylum or any other possible immigration protections; he tried to lawfully relocate to another area in Mexico where cartel violence is less prevalent; he tried to reach out to the Mexican consulate for assistance returning home safely; or he tried to lawfully relocate to another country. He has failed to provide sufficient evidence to satisfy the third element of the duress defense.

Finally, Ramirez-Saucedo has failed to satisfy the fifth element for a duress defense for the continuing crime of illegal reentry, namely "that the defendant immediately cease[s] his commission of the offense when the duress or necessity subsides." Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38 Note (citing *Bailey*, 444 U.S. at 413-415). Ramirez-Saucedo does not claim that he made a bona fide effort to surrender as soon as the alleged duress or necessity ended. *Arias-Quijada*, 926 F.3d at 1260; *Mencia-Hernandez*, 2025 WL 2355624, at *5 (citing *Bailey*, 444 U.S. at 413-414). Instead, he willingly acknowledges that he continued his illegal conduct so he would not be subject to the immigration laws of the United States. DE-31, p. 6. Yet, he makes no legitimate argument that the alleged duress continued for the entire time he was illegally in the United States, rather than ending shortly after

he was allegedly brought into the United States against his will. His conclusory statement that returning to Mexico was not an option is not sufficient to establish that the alleged duress was continuous for over nine months. His failure to establish ongoing duress or to show a bona fide effort to cease his illegal conduct is fatal to his claimed duress defense.

C. Conclusion.

The United States respectfully requests that this Court preclude Ramirez-Saucedo from presenting a duress defense before a jury. Ramirez-Saucedo has failed to establish that he is legally entitled to that defense. Therefore, in accordance with *Bailey* and the cited Fifth Circuit caselaw, this Court should grant the Government's Motion in Limine for the Affirmative Defense of Duress and exclude testimony of any alleged duress.

    Respectfully submitted,

    NICHOLAS J. GANJEI
    United States Attorney

By:   */s/ Carrie Wirsing*
    Carrie Wirsing
    Assistant United States Attorney
    Pennsylvania Bar No. 89932
    1000 Louisiana Street, Suite 2300
    Houston, Texas 77002
    Tel: (713) 567-9000
    Email: carrie.wirsing@usdoj.gov
    *Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2025, an electronic copy of the Government's Memorandum of Law On Excluding Duress Defense Testimony was electronically filed with the United States District Court for the Southern District of Texas. A copy of this document was also emailed to counsel for the Defendant, Assistant Federal Public Defender Tatiana Obando.

/s/ *Carrie Wirsing*
Carrie Wirsing
Assistant United States Attorney